|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |
| 8 |  |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| JANET ORTIZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WACHOVIA FKA AS WORLD SAVINGS BANK, FSB; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.; WACHOVIA BANK NA/AMERICAN MORTGAGE NETWORK, INC.; WACHOVIA MORTGAGE LOAN TRUST LLC; US BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WACHOVIA MORTGAGE LOAN TRUST, SERIES 1006-AMN1; AND DOES 1 THROUGH 100, INCLUSIVE;<br><br>        Defendants. | Case No.: 4:11-CV-02401-PJH<br><br>[Assigned to the Hon. Phyllis J. Hamilton in Courtroom 3]<br><br>**ORDER GRANTING DEFENDANTS WELLS FARGO AND GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:    October 5, 2011<br>Time:   9:00 a.m.<br>Ctrm:   3 |

    The Motion to Dismiss of defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as World Savings Bank, FSB and Wachovia Mortgage, FSB, as successor in interest to American Mortgage Network, Inc. ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, National Association, successor by merger to Wachovia fka as World Savings Bank, FSB;" "Wachovia Bank NA/American Mortgage Network, Inc.;" "Wachovia

Mortgage Loan Trust LLC") and Golden West Savings Association Service Co. (collectively "Defendants") came on regularly for hearing before the Honorable Phyllis J. Hamilton, Judge, presiding, on October 5, 2011 at 9:00 a.m. in Courtroom 3 of the above-captioned Court.

The Court, having read and considered the motion, the accompanying request for judicial notice and for good cause appearing, finds as follows:

(1) Plaintiff fails to state a claim for Lack of Standing to Foreclose (first) because: (i) plaintiff has failed to allege a tender of the amount borrowed to set aside a Deed of Trust; (ii) plaintiff fails to plead facts sufficient to constitute a claim for relief; and (iii) this state law claim is preempted by 12 Code of Federal Regulations § 560.2 (regulatory codification of preemption of the Home Owners' Loan Act of 1933 ("HOLA")), as an interference with the federal savings bank's lending operations;

(2) Plaintiff fails to state a claim for Violation of California Business & Professions Code § 17200 (Fraudulently Procured Documents) (second) because: (i) plaintiff has failed to allege a tender of the amount borrowed to set aside a Deed of Trust; (ii) plaintiff fails to plead facts sufficient to constitute a claim for relief; (iii) plaintiff fails to properly plead the required elements with the required specificity; and (iv) the claim as plead is preempted by the HOLA;

(3) Plaintiff fails to state a claim for Unfair Business Practices, California Business and Professions Code § 17200 (Fairness Doctrine) (third) because: (i) plaintiff has failed to allege a tender of the amount borrowed to set aside a Deed of Trust; (ii) plaintiff fails to plead facts sufficient to constitute a claim for relief; (iv) plaintiff fails to properly plead the required elements with the required specificity; and (v) the claim as plead is preempted by the HOLA;

(4) Plaintiff fails to state a claim for Quiet Title because: (i) plaintiff has not alleged tender to satisfy the underlying debt; (ii) plaintiff fails to plead facts sufficient to constitute a claim for relief; and (iii) the claim is preempted by the HOLA.

/ / /

/ / /

/ / /

/ / /

**IT IS HEREBY ORDERED:**

1. Defendants' request for judicial notice is granted;

2. Defendants' motion to dismiss is granted with prejudice as to the first and fourth claims;

3. Defendants' motion to dismiss is granted with prejudice as to the second and third causes of action to the extent that the allegations are based on claims preempted by HOLA (claims relating to imposition of requirements on federal savings banks regarding loan-related fees, disclosure and advertising, and processing, origination, and servicing mortgages).  Otherwise, the motion is granted with leave to amend to allege facts sufficient to support the statutory elements of a claim under Business & Professions Code § 17200 (the identification of some business practice that is forbidden by law; and the "who, what, where, and when" of any allegedly fraudulent conduct).

4. The amended complaint shall be filed within twenty-eight (28) days of October 5, 2011.

Dated: October 14, 2011

HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28